UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-60367-CIV-DIMITROULEAS/SNOW

ALLIED WORLD SPECIALTY
INSURANCE,  a Delaware
Corporation,

        Plaintiff,

        vs.

CARIBE UTILITIES OF FLORIDA,
INC., CARIBE PROPERTIES, LLC,
MIGUEL CABRANES, and DAISY
BECEIRO,

        Defendants.

_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on the Plaintiff's Verified Motion for Award of Attorneys' Fees and Nontaxable Expenses and Costs Against Defendants (ECF No. 93) and Bill of Costs (ECF No. 94), which were referred to United States Magistrate Judge Lurana S. Snow for report and recommendation.  The Defendants did not respond to the motion and it is ripe for consideration.

This case, filed on February 11, 2019, arose from Caribe Utilities' default on bonds issued by the Plaintiff on two projects and the failure of the other three Defendants to indemnify the Plaintiff following the default.  The Defendants filed an Answer to the Complaint, which later was amended.  On May 8, 2020, this Court granted, in part, the Plaintiff's Motion for Summary Judgment, finding the Defendants liable on all counts of the Complaint and awarding damages to the Plaintiff in the amount of at least $150,345.16.  The Court further found that there were genuine issues of material fact on the Plaintiff's claims for specific performance on the

Defendant's collateral obligations, as well as the amounts of attorneys' fees and prejudgment interest to which the Plaintiff was entitled. (ECF No. 59 at 13)

Shortly before this Order was issued, counsel for the Defendants moved to withdraw as counsel.  On June 8, 2020, the request to withdraw was granted and Defendants Caribe Utilities of Florida, Inc. and Caribe Properties, Inc. ("the corporate Defendants") were directed to retain new counsel by June 15, 2020.  The corporate Defendants were advised that failure to retain counsel would result in the striking of their pleadings and a determination that the Defendants were in default, since corporations must be represented by counsel.  (ECF No. 71)  When the corporate Defendants failed to retain counsel within the time allotted, their Amended Answer was stricken and a default was entered against these Defendants.  (ECF No. 79)

On June 19, 2020, the Plaintiff filed a Motion for Default Judgment against the corporate Defendants.  A bench trial was conducted on June 23, 2020, after which the Court granted the Plaintiff's Motion for Default Final Judgment in favor of the Plaintiff against the corporate Defendants. (ECF No. 90) The Court also found in favor of the Plaintiff against Defendants Cabranes and Beceiro, and on June 29, 2020, Final Judgment was entered against all Defendants in the total amount of $536,673.98.  (ECF No. 91)  The Plaintiff was directed to file a motion for attorneys' fees within 30 days.  (ECF No.  91 at 2, ¶2).  The instant Motions followed.

The Plaintiff seeks an award of attorney's fees in the amount of $71,461.50[1], representing 181.2 hours of work by lead attorney Jonathan P. Cohen at the rate of $285.00 per hour; 66.1 hours by associate attorney Elizabeth Rivera at the rate of $260.00 per hour;  14.6 hours by paralegal Tammy Kalasz at the rate of $135.00

---

[1]     The Motion states the total amount of fees as $71,720.30, but when the amounts claimed by each timekeeper are added, the total is $71,461.50.  (ECF No. 93 at 4)

per hour, and 5.3 hours by paralegal Antoinette Singh at the rate of $125.00 per hour. The Plaintiff also asks the Court to tax costs in the amount of $634.81, representing the $400.00 filing fee, $160.00 for service of process and $74.81 for copying costs.[2]

## I. <u>DISCUSSION</u>

### A. <u>Attorneys' Fees</u>

This Court must calculate a reasonable attorney fee by utilizing the "lodestar" method described in <u>Hensley v. Eckerhart</u>, 461 U.S. 424 (1983), which held that "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate," since this computation "provides an objective basis on which to make an initial estimate of the value of a lawyer's services." <u>Id</u>. at 433.

The party seeking an award of fees should submit evidence supporting the hours worked and the hours claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly. A district court also should exclude from this initial fee calculation hours that were not "reasonably expended." <u>Id</u>. at 433-34. Therefore, counsel for the prevailing party "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." <u>Id</u>. at 434.

The Eleventh Circuit has adopted the lodestar approach as the method to be used in calculating federal statutory fee awards. <u>Norman v. Housing Auth. of Montgomery</u>, 836 F.2d 1292 (11th Cir. 1988). The court must begin by determining a reasonable hourly rate, which is defined as "the prevailing market rate in the relevant

---

[2]    The Bill of Costs identifies this cost as fees for printing, but the Plaintiff's Memorandum of Law in Support Of Its Bill of Costs describes it as the costs of copying.  (ECF No. 95 at 3-4)

legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Id. at 1299 (citing Blum v. Stenson, 465 U.S. 886, 895 (1984). The applicant bears the burden of proving, by direct or opinion evidence, that the requested rate is in line with prevailing market rates. Norman, 836 F.2d at 1299.

The applicant also bears the burden of documenting his or her time expenditures, and may submit opinions as to their reasonableness. Id. at 1303. However, the court "is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." Id. Moreover, where billing records are voluminous, "an hour-by-hour analysis of a fee request is not required." Loranger v. Stierheim,10 F.3d 776, 783 (11th Cir. 1994). District courts may make reasonable "across-the-board percentage cuts" instead of engaging in an hour-by-hour analysis of a fee request. Id.

In his Affidavit in support of the Plaintiff's request for attorneys' fees, lead counsel for the Plaintiff Jonathan B. Cohen states that he has been a member of the Florida Bar since 2005 and specializes in surety and construction matters, including indemnity actions; Ms. Rivera has been a member of the Florida Bar since 2008 and a member of his firm from May 2017 to February 2020; Ms. Kalasz has been a paralegal since 2011 and a member of the firm since 2015, and Ms. Singh has been a paralegal since 2011 and a member of the firm from 2018 to February 2020. Mr. Cohen also avers that the rates claimed here were awarded by United States District Judge Jose E. Martinez to Mr. Cohen, Ms. Rivera and Ms. Kalasz, but does not cite the case in which Judge Martinez awarded those rates. (ECF No. 93-1 at 1-3) Nevertheless, the undersigned finds that the claimed rates of $260.00 - $285 per hour for attorneys and $125.00 - $135.00 for paralegals are within the range of rates

charged in the Southern District of Florida for similar services by legal professionals of reasonably comparable skills, experience and reputation.

The Plaintiff has provided copies of the attorneys' billing statements (ECF No. 93-1 at 5-67). After a careful review of these statements and the record in this cause, and noting the lack of objection by the Defendants, the undersigned finds that the total of 267.20 claimed hours represents a reasonable amount of time to have spent on the case. Therefore, the requested fee award of $71,461.50 should be granted.

## B. Costs

In the instant case, the Plaintiff seeks to tax costs in the amount of $634.81, representing $400.00 for the filing fee, $160.00 for service of process and $74.81 for copying costs. The Plaintiff did not provide copies of invoices to document these costs, but they are reflected in the attorneys' billing statements. (ECF No. 93-1 at 17, 22, 67)

Pursuant to Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1920, the Court shall award costs to the prevailing party in a lawsuit. Rule 54(d) creates a presumption in favor of awarding costs, which the opposing party must overcome. Manor Healthcare Corp. v. Lomelo, 929 F.2d 633, 639 (11th Cir. 1991).

Taxable costs are identified in 28 U.S.C. § 1920:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the cost of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses,

and costs of special interpretation services under section
1828 of this title.

The decision to award costs is discretionary with the Court, but the Court may tax items specifically enumerated in § 1920, absent alternative contractual or statutory authority.  Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 445 (1987).

Here, the $400.00 filing fee clearly is taxable as a fee of the Clerk. As to the $160.00 for service of process, the Plaintiff utilized a private process server rather than having the Marshal serve the complaint on the defendants, but this is permissible provided the rate charged does not exceed the cost of having a U.S. Marshal effect service.  E.E.O.C. v. W&O, Inc., 213 F.3d 600, 624 (11th Cir. 2000).   The current rate charged by the U.S. Marshal is $65.00 per hour (or portion thereof) for each person served, plus travel costs and other out-of-pocket expenses.  28 C.F.R. § 0.114(a)(3). Since the claimed cost of $160.00 for service on four Defendants, or $40.00 per Defendant, does not exceed that which would have been charged by the Marshal, it should be awarded.

Regarding the $74.81 for copies, the Plaintiff states that this cost was for the copying of materials necessarily obtained for use in the case.  (ECF No. 95 at 3-4) Although the specific reasons why the copies were necessary were not identified, in light of the relatively small cost and the absence of objection by the Defendants, the undersigned finds this cost to be reasonable.   Therefore, the Plaintiff should be awarded its total claimed costs of $634.81.

## II. CONCLUSION

This Court having considered carefully the pleadings, argument of counsel, the court file and the applicable case law, it is hereby

RECOMMENDED that Plaintiff's Verified Motion for Award of Attorneys' Fees and Nontaxable Expenses and Costs Against Defendants (ECF No. 93) and Bill of Costs (ECF No. 94) be GRANTED, and that the Plaintiff be awarded attorneys' fees in the amount of $71,461.50 and costs in the amount of $634.81.

The parties will have 14 days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with The Honorable William P. Dimitrouleas, United States District Judge. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained therein, except upon grounds of plain error if necessary in the interest of justice. See 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790, 794 (11th Cir.1989); 11th Cir. R. 3-1 (2016).

DONE AND SUBMITTED at Fort Lauderdale, Florida, this 2nd day of September, 2020.

_Lurana S. Snow_
LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to:

All counsel of record and pro se parties